Emy F. AURIGUE, Plaintiff–Appellant,

v.

**John E. POTTER,\* Postmaster General, Defendant– Appellee.**

No. 00–36078.

D.C. No. CV–99–00089–HRH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 6, 2002.

Decided Aug. 26, 2002.

---

\* John E. Potter is substituted for his predecessor, William J. Henderson, as Postmaster General, United States Postal Service. Fed. R.App. P. 43(c)(2).

Before B. FLETCHER, ALARCÓN, and GRABER, Circuit Judges.

MEMORANDUM **

Emy F. Aurigue appeals the summary judgment in favor of her employer, the United States Postal Service ("USPS"), on her claim of disability discrimination arising under the Vocational Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 791 and 794. The district court found that Aurigue was not a qualified individual with a disability within the meaning of the Rehabilitation Act because she could not perform the essential functions of her position as an express mail clerk or the available temporary position as a distribution clerk and because she was not substantially limited in a major life activity and, therefore, was not disabled

** This disposition is not appropriate for publication and may not be cited to or by the

within the meaning of the Rehabilitation Act.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Reviewing de novo, *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir.2001) (en banc), we affirm.

The Rehabilitation Act requires that federal agencies, including the USPS, reasonably accommodate an employee's disability. 29 U.S.C. § 794; *McLean v. Runyon*, 222 F.3d 1150, 1153 (9th Cir.2000). To establish a prima facie case of disability discrimination under the Rehabilitation Act, Aurigue must prove three elements: (1) she was disabled within the meaning of the Act; (2) she was a qualified individual able to perform the essential functions of her job, either with or without reasonable accommodations; and (3) her federal employer acted adversely against her solely because of her disability. *See Zukle v. Regents of Univ. of Cal.*, 166 F.3d 1041, 1045 (9th Cir.1999). We agree with the district court that Aurigue did not raise a genuine issue of fact as to the first element.

The standards under Title I of the Americans with Disabilities Act ("ADA") apply to Rehabilitation Act claims. 29 U.S.C. § 794(d); *McLean*, 222 F.3d at 1153. "Disability" includes "a physical or mental impairment that substantially limits one or more of the major life activities of" a person. 42 U.S.C. § 12102(2)(A). Aurigue argues that she has raised a genuine issue of material fact as to whether she is substantially impaired in the life activities of performing manual tasks, lifting, and working, thus satisfying the definition of disability through subsection (2)(A). Under the regulations implementing the ADA and the Rehabilitation Act, lifting,

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

working, and performing personal tasks are examples of "major life activities." 34 C.F.R. § 104.3(j)(2)(ii); 29 C.F.R. § 1630.2(i), App. § 1630.2(i). The question presented here is whether Aurigue is substantially limited in at least one of those activities. "In general, 'substantially limited' refers to the inability to perform a major life activity as compared to the average person in the general population or a significant restriction 'as to the condition, manner, or duration' under which an individual can perform the particular activity." *Thompson v. Holy Family Hosp.*, 121 F.3d 537, 539–40 (9th Cir.1997) (per curiam) (quoting 29 C.F.R. § 1630.2(j)(1)(i)-(ii)).

Aurigue has not shown that she is substantially limited in performing manual tasks. The Supreme Court recently ruled in *Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184, 122 S.Ct. 681, 691, 151 L.Ed.2d 615 (2002), that, "to be substantially limited in performing manual tasks, an individual must have an impairment that prevents or severely restricts the individual from doing activities that are of central importance to most people's daily lives." The Court explained that "occupation-specific tasks may have only limited relevance to the manual task inquiry." *Id.* at 693. The plaintiff must present evidence of the effect of an impairment in terms of his or her own experience to allow an individualized assessment of whether the plaintiff is substantially impaired. *Id.* at 691–92. Courts should not disregard evidence that the plaintiff can do household chores and tend to her personal hygiene, which are the types of manual tasks of central importance to most people's daily lives. *Id.* at 693.

In this case, Aurigue's treating physician, Dr. Fu, testified as to how her impairment impacted her daily life. He testified as follows:

She can enjoy life as much as she wants. There are no restrictions as far as anything that would require her to use her abilities in terms of thinking, speaking. She can pursue all the activities of daily living. She can answer phones, she can do her cooking, she can cook for her family, she can take care of her children, she can drive, and she can continue her recreational pursuits.

Aurigue testified that, when the USPS allegedly failed to accommodate, her impairment interfered with her washing dishes, casing mail, and performing other distribution work at the post office that involved repetitive tasks with her left arm for more than one to two hours at a time.

With respect to washing dishes, Dr. Fu testified that Aurigue was only unable to perform manual, repetitive tasks for more than an hour at a time. Thus, if Dr. Fu's assessment of Aurigue's condition is to be given credence, Aurigue could wash dishes for one hour at a time and, thus, was not severely limited in performing this manual task.

Aurigue's limitations in performing work-related manual tasks are similar to those experienced by the plaintiff in *Williams*. In *Williams*, the plaintiff's carpal tunnel syndrome precluded her from performing tasks involving repetitive work with hands and arms extended at or above shoulder levels for extended periods of time as required by her specialized assembly line job. 122 S.Ct. at 693. The Supreme Court concluded that this manual task was not an important part of most people's daily lives. *Id.* Similarly, the manual task at issue in this case, the ability to perform manual, repetitive work for extended periods of time as required to case and distribute mail at the post office, is not an important part of most people's daily lives. Thus, Aurigue does not satisfy the *Williams* standard for showing a sub-

stantial limitation in performing manual tasks.

Aurigue also has not shown that she is substantially limited in any other major life activities. Aurigue's inability to lift heavy objects is not a substantial limitation on the major life activity of lifting. *See Thompson,* 121 F.3d at 540 (holding that a 25–pound lifting restriction is not substantially limiting). Finally, with respect to working, "substantially limited" means that one is " 'significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.' " *Deppe v. United Airlines,* 217 F.3d 1262, 1265 (9th Cir.2000) (*quoting* 29 C.F.R. § 1630.2(j)(3)(i)). The inability to perform a single, particular job does not constitute a substantial limitation in the major life activity of working. *Id.*

Aurigue did not submit evidence to support her claim that her impairment significantly restricts her ability to perform a class of jobs or a broad range of jobs in various classes. She submits no evidence addressing her vocational training, the geographical area to which she has access, or the number and type of jobs from which she is disqualified because of her impairment. *See* 29 C.F.R. § 1630.2(j)(3)(ii) (listing such demographic factors as central to the determination of whether an individual is substantially limited in her ability to work). Instead, Aurigue relies solely on her conclusory allegations that her impairment precludes her from most USPS jobs and a broad range of jobs in the Anchorage area. Aurigue's "conclusory allegations are insufficient to withstand [the USPS's] motion for summary judgment." *Thompson,* 121 F.3d at 540; *see Broussard*

*v. Univ. of Cal., at Berkeley,* 192 F.3d 1252, 1258 (9th Cir.1999).

Because Aurigue has not presented evidence sufficient to show that her impairment substantially limited her ability to perform manual tasks, lift, or work, we affirm the district court's summary judgment in favor of the USPS.

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.